UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| ROBERT A. CALSIN, Individually and as Fiduciary for the Estate of Dennis H. Calsin, Deceased, and MARY CALSIN, <br><br> Plaintiffs, <br><br> v. <br><br> OTS, INC., and VELIBOR OBRADOVIC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Case No. ) ) **Plaintiffs Demand a Trial By Jury** ) ) ) ) |

**COMPLAINT**

**Introduction**

(1) This is a diversity action for personal injuries and wrongful death sustained in a motor vehicular collision involving a passenger car and a commercial semi tractor trailer on or about July 15, 2016, in St. Joseph County, Indiana, involving only residents of Ohio and Illinois. All defendants reside in, have their principal place of business in, and regularly conduct business in Cook County, Illinois.

**Parties**

(2) Plaintiff, Robert Calsin, is an individual residing in Lakewood, Ohio. At all relevant times, Robert Calsin is and was a citizen of the State of Ohio.

(3) Plaintiff, Mary Calsin, is an individual residing in Lakewood, Ohio. At all relevant times, Mary Calsin is and was a citizen of the State of Ohio, and is the spouse of Robert Calsin.

(4) Dennis Calsin, at the time of and prior to the motor vehicular collision of July 15, 2016, was an individual residing in Lakewood, Ohio. At all relevant

times, Dennis Calsin was a citizen of the State of Ohio. Dennis Calsin died on or about July 15, 2016, as a result of the injuries sustained in the motor vehicle collision of July 15, 2016.

(5) Robert Calsin has been appointed the fiduciary of the estate of his brother, Dennis Calsin, deceased, by the Cuyahoga County, Ohio, Probate Court.

(6) Defendant, OTS, Inc., is a corporation organized under the laws of the State of Illinois with its principal place of business in Riverside, Illinois. Defendant, OTS, Inc., was the owner of a 2003 Volvo heavy duty truck, which was being operated by Velibor Obradovic at the time of the crash which is the subject of this action. The Volvo heavy duty truck owned by OTS, Inc., displayed U.S. Department of Transportation number 0001789693, which number was issued to OTS, Inc. by the U.S. Department of Transportation. At all relevant times this Department of Transportation number was displayed on the 2003 Volvo heavy duty truck.

(7) Defendant, Velibor Obradovic, is a commercial truck driver, and is an individual residing in Riverside, Illinois. At all relevant times, Velibor Obradovic was and remains a citizen of the State of Illinois.

## Jurisdiction and Venue

(8) Jurisdiction is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §1332. Plaintiffs are citizens of a different state, Ohio, than each of the named defendants, Illinois. Moreover, as set forth in this Complaint, plaintiffs each seek relief for an amount in excess of Seventy-Five Thousand Dollars ($75,000).

(9) Venue is proper in this court pursuant to 28 U.S.C. §1391(b)(1) and (2) as each of the defendants reside in Cook County, Illinois, which is located in this

judicial district and a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this judicial district.

**Factual Allegations Common to All Counts**

(10) On the early afternoon of July 15, 2016, defendant, Velibor Obradovic, was operating the 2003 Volvo commercial vehicle in the scope and course of his duties on behalf of his employer, defendant OTS, Inc., westbound on the Indiana Turnpike (Interstate 80). The Volvo tractor owned by defendant, OTS, Inc., was pulling a trailer owned by Pro-Line Express, Inc., operating from 8512 South 78th Court, Justice, Illinois.

(11) Plaintiff, Robert Calsin, was operating a private passenger vehicle which was traveling in the same direction, westbound on the Indiana Turnpike (Interstate 80), which vehicle was also occupied by his brother, Dennis Calsin, a passenger therein. The vehicle operated by Robert Calsin was ahead of the vehicle operated by defendant, Velibor Obradovic. These plaintiffs' destination was located in Illinois.

(12) As a result of construction, there was a lane closure at approximately mile marker 83 for westbound traffic. As a result of the construction and two (2) earlier crashes, one at approximately mile marker 80 and a second at approximately mile marker 84, westbound traffic was stopped, including the vehicle operated by plaintiff, Robert Calsin, at approximately the westbound mile marker 85.

(13) Directly in front of the stopped vehicle operated by plaintiff, Robert Calsin, was a semi tractor trailer which was also stopped in traffic at approximately the 85 westbound mile marker in the driving lane. The Calsin vehicle was stopped

in traffic directly behind this tractor trailer. Another vehicle which was pulling a U-Haul trailer was stopped directly behind the Calsin vehicle, also in the driving lane.

(14) At approximately the 87.5 westbound mile marker was a message board which read: "construction lane closure ahead, take turns merging". At approximately the 87.4 mile marker was a second message board which read: "stopped traffic ahead, be prepared to stop". Despite clear weather conditions, an unobstructed view of stopped traffic ahead, and the warnings of a lane closure and stopped traffic, defendant, Velibor Obradovic, approached the accident site at a high rate of speed without slowing and without applying his brakes, striking the vehicle pulling the U-Haul trailer which was then pushed into the Calsin vehicle. The Calsin vehicle was pushed forward into the semi tractor trailer stopped directly in front of it.

(15) Defendant, Velibor Obradovic, had warning of the construction and the stopped traffic more than two (2) miles prior to the crash site.

(16) Defendant, Velibor Obradovic, was traveling at an unsafe speed, failed to keep a proper lookout, and failed to maintain an assured clear distance from the vehicles in front of him. Said conduct not only violated the duty to exercise reasonable care, but evidenced a total failure to exercise any care whatsoever.

(17) Defendant, Velibor Obradovic's, wrongful conduct was negligence and negligence *per se* under the law of Indiana, Illinois, and Ohio.

(18) Defendant, OTS, Inc., is vicariously liable for the wrongful conduct of its employee and/or agent, Velibor Obradovic.

(19) Defendant, OTS Inc., is liable to plaintiffs for its own wrongful conduct in the hiring, supervision, and retention of Velibor Obradovic. This defendant knew or should have known that defendant, Velibor Obradovic, could not safely operate a

commercial motor vehicle on the date and time of the events which are the subject of this action. This wrongful conduct occurred within the State of Illinois.

(20) The load and trailer defendants were engaged to haul arose from Pro-line Express, Inc. a company doing business at 8512 South 78th Court, Justice, Illinois.

(21) As a direct and proximate result of the crash, Dennis Calsin suffered severe injuries which resulted in his death. Medical expenses were incurred for the care of Dennis Calsin. Further, expenses were incurred, including funeral and burial, resulting from his death. Dennis Calsin suffered damages/loss to personal property from defendants' wrongful conduct.

(22) The next of kin of Dennis Calsin at the time of his death included, but are not necessarily limited to, his siblings – Robert, Gary, and Mary – all of whom reside in the State of Ohio. As a result of Dennis' death, the next of kin have suffered loss of his services, companionship, care, assistance, attention, advice, guidance, counsel, grief, sorrow, and mental anguish.

(23) As a result of the wrongful conduct of these defendants, Robert Calsin sustained injury to his chest, abdomen, and extremities, as well as his hearing and severe emotional distress. Plaintiff, Robert Calsin, has incurred medical expenses for the treatment of these injuries, and has suffered personal property loss and other damages related to the July 15, 2016 crash caused by the wrongful conduct of these defendants.

(24) At all times mentioned herein, plaintiff, Mary Calsin, was the spouse of plaintiff, Robert Calsin.

**CAUSES OF ACTION**

(25) Defendant, Velibor Obradovic, was negligent in the following respects:

(a) failing to keep a proper lookout;

(b) failing to maintain an assured clear distance ahead;

(c) failing to slow the vehicle operated by him and to take any evasive action whatsoever to avoid colliding with motor vehicles stopped in front of the tractor trailer which he operated;

(d) traveling at an unreasonable and unsafe speed;

(e) violating mandatory governmental safety rules and/or regulations including, but not limited to, 49 C.F.R. §383.111 and §383.113; and

(f) such further acts of negligence as are discovered during the discovery portion of this action and/or as supported by the evidence at the trial of this action.

(26) Defendant, OTS Inc., as the employer and/or principal of its employee or agent, Velibor Obradovic, is vicariously liable for all the wrongful acts of its employee or agent, Velibor Obradovic.

(27) Defendant, OTS Inc., was negligent in hiring Velibor Obradovic, supervising him, and retaining him as a driver at the time of the July 15, 2016 crash.

(28) As a direct and proximate result of the wrongful conduct of these defendants, Dennis Calsin suffered serious personal injury which caused his death on July 15, 2016. As a direct and proximate result of the wrongful conduct of these defendants, plaintiffs' decedent, Dennis Calsin, suffered conscious pain and suffering prior to his death. In addition, as a result of these defendants' wrongful conduct, Dennis Calsin sustained damage to personal property.

(29) As a direct and proximate result of the wrongful conduct of these defendants, Robert Calsin suffered personal injuries and consequential damages including, but not necessarily limited to, pain and suffering, medical expenses, mental anguish, and loss of the ability to engage in some of his regular activities from

which he derived pleasure in life.  This plaintiff states that some of these injuries and damages may be permanent in nature.  Additionally, he sustained damage to personal property.

(30)   As a direct and proximate result of defendants' wrongful conduct, plaintiff, Mary Calsin, has been, and will continue to be, deprived of the consortium, society, companionship, care, assistance, attention, protection, advice, guidance, and counsel of her husband, Robert, as well as mental anguish.

(31)   The wrongful conduct of these defendants directly and proximately caused the injuries and death of Dennis Calsin, the injuries and damages of Robert Calsin, and the losses of Robert's spouse, Mary.

(32)   The wrongful conduct previously described of these defendants, which directly and proximately caused the previously described injuries and damages to plaintiff, was not only negligent, but also reckless, willful, and wanton.  Velibor Obradovic, in the method and manner of operation of the tractor trailer including, but not limited to, the violation of mandatory governmental safety rules and operator distraction/inattention, whether due to fatigue or some other cause, exhibited a conscious and flagrant disregard for the rights and safety of other persons, including plaintiffs, which wrongful conduct had a great probability of causing substantial harm.  This reckless, willful, and wanton misconduct entitles plaintiffs to an award of punitive/exemplar damages, including attorney fees and litigation expenses.

(33)   Defendant, OTS Inc., is legally responsible for all plaintiffs' injuries and damages, whether compensatory or punitive, not only on the basis of vicarious liability, but also for its own wrongful conduct in the hiring, supervision and retention of Velibor Obradovic as a driver who was unfit for those duties based upon their own reckless, willful, and wanton misconduct in doing so.

(34) Indiana law does not apply as Illinois has a more significant relationship to the occurrence, the parties, and the categories and amounts of damages recoverable.

WHEREFORE, plaintiffs, Robert and Mary Calsin, request judgment against these defendants in a sum in excess of Seventy-Five Thousand Dollars ($75,000), the costs of this action, and such further relief as the court deems fair and equitable. Further, Robert and Mary Calsin request punitive damages against these defendants in such amount as they are found to be entitled according to law.

WHEREFORE, Robert Calsin, as fiduciary for the estate of his brother, Dennis Calsin, deceased, requests judgment against these defendants for the survivorship and wrongful death claims in a sum in excess of Seventy-Five Thousand Dollars ($75,000), plus the costs of this action, and such further relief as the court deems fair and equitable. Further, this plaintiff requests all damages against these defendants in such amount as this plaintiff is found to be entitled according to law.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial on all issues raised in this complaint.

Respectfully submitted,

By: **/s/ John A. Stefani**

LEVINSON AND STEFANI
Attorneys for Plaintiffs
230 W. Monroe St. Suite 2210
Chicago, Illinois 60606
(312) 376-3812
jay@levinsonstefani.com
ARDC Number: 6284062